IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            No. 11-CR-2237 RB

ELINA SIHOMBING a/k/a SITI E.
SIHOMBING and DAVID GIRLE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant Sihombing's Motion for a Bill of Particulars, filed September 20, 2011 (Doc. 47), and Defendant Girle's Motion for a Bill of Particulars, filed September 16, 2011 (Doc. 44). The United States filed its Consolidated Response in Opposition to Defendants' Motions for a Bill of Particulars on September 30, 2011 (Doc. 51). Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court denies Defendants' motions.

**I.    Discussion**

Defendants Elina Sihombing and David Girle have been charged with two counts of harboring illegal aliens Desy Indriyani Sidabutar and Dewi Lena Simangunsong, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II). Defendants move for a bill of particulars on the ground that "the time frame in the indictment is so broad and vague that it calls into question what, if any alleged conduct of the defendants constituted 'harboring[,]'" making it impossible to fairly defend against the government's charges at trial.

Federal Rule of Civil Procedure 7(f) provides that a "court may direct the government to file a bill of particulars." FED. R. CRIM. P. 7(f). "The purpose of a bill of particulars is to inform

the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). District courts have broad discretion in ruling upon requests for bills of particulars. *Id*.; *see also Will v. United States*, 389 U.S. 90, 99 (1967).

Defendants contend that "given the undisputed fact that the government acknowledges that the two adult women were admitted lawfully, the defendants are in the position of guessing at what the government's theory might be . . . . Furthermore, the indictment encompasses a three year period of time that the alleged act of harboring took place. There is no indication of when, where or how this alleged crime took place." (Def. Sihombing Mot. for Bill of Particulars, Doc. 47, at 2) (Def. Girle Mot. for Bill of Particulars, Doc. 44, at 3). As the Tenth Circuit has recognized, however, a bill of particulars "is not a discovery device." *Dunn*, 841 F.2d at 1029. Defendants are "not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Id.* at 1030 (citing *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir.), cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979)). "Where an indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial, a bill of particulars is not warranted." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1242 (D.N.M. 2008) (citing *United States v. Levine*, 983 F.2d 165, 167 (10th Cir.1992)) ("A bill of particulars is not necessary if 'the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial.'")

Here, the indictment cites the criminal statutes under which Defendants are being

charged, generally tracks the language of the respective statutes, references the dates and county in which the alleged harboring took place, and includes the identities of the individuals Defendants are charged with harboring.  Furthermore, the United States has provided Defendants with nearly 500 pages of discovery and will continue to provide the discovery it is obligated to disclose in advance of trial. (United States Consolidated Response, Doc. 51, at 1 & 3.)  The Tenth Circuit has held that in addition to a proper indictment, the government's provision of pre-trial discovery materials to a defendant may further enable him or her to prepare a defense.  *See United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995) ("The second superseding indictment described the defendants' scheme in detail and provided dates, places and the persons involved in various transactions. [The defendant] does not dispute that he was provided with full discovery of the government's materials prior to trial. This was sufficient to inform [Defendant] of the charges against him and to enable him to prepare his defense.")  Under these circumstances, the indictment sufficiently apprises the defendants of the charges against them to enable them to prepare for trial.  The Court therefore denies Defendants' requests for a bill of particulars.

**WHEREFORE,**

**IT IS ORDERED THAT** Defendant Sihombing's Motion for a Bill of Particulars (Doc. 47) and Defendant Girle's Motion for a Bill of Particulars (Doc. 44) are **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**