**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

vs.                                                                                    **No. 11-CR-2237 RB**

**ELINA SIHOMBING,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion to Take the Deposition

of Material Witnesses in the Case, filed September 23, 2011 (Doc. 50), and Defendant's Motion

to Have the Court Appoint Counsel to Alleged Victims, filed September 23, 2011 (Doc. 49).

The United States filed its consolidated response to Defendant's motions on October 6, 2011

(Doc. 56). Having considered the submissions and arguments of counsel, relevant law, and

being otherwise fully advised, the Court denies Defendant's motions.

**I.      Motion to Take the Deposition of Material Witnesses**

Defendant Sihombing moves this Court to allow the taking of videotaped depositions of

the alleged victims, citing the following as grounds: (1) Defendant Sihombing has been charged

with two counts of harboring illegal aliens Desy Indriyani Sidabutar and Dewi Lena

Simangunsong; (2) Defendant is alleged to have harbored both individuals in an attempt to avoid

detection by United States immigration authorities; and (3) Defendant desires to interview both

alleged victims to "determine exactly where and when she is to have harbored them and kept

them from being detected by the immigration authorities of the United States." (Doc. 50 at 1.)

Federal Rule of Criminal Procedure 15 governs party requests to depose witnesses and

provides in relevant part that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." FED. R. CRIM. PROC. 15(a)(1).

"The advisory and legislative committee notes make clear that Rule 15 does not authorize a party to take discovery depositions of the adversary party's witnesses." *United States v. Carrigan*, 804 F.2d 599, 602 (10th Cir. 1986) (citing FED. R. CRIM. PROC. 15, Notes of the Advisory Committee on 1974 Amendment; Notes of Committee on the Judiciary, H.R.Rep. No. 94-247, U.S. Code Cong. & Admin. News 1975, p. 674, 1975 Amendment). "The case law has confirmed this construction of Rule 15, holding that it does not contemplate use of depositions of adverse witnesses as discovery tools in criminal cases." *Id.* Because witnesses  Desy Indriyani Sidabutar and Dewi Lena Simangunsong are adverse to Defendant and the depositions are sought for discovery purposes, Rule 15 bars Defendant's motion.

## II.      Motion to Have the Court Appoint Counsel to Alleged Victims

Defendant moves this Court to appoint Counsel to both alleged victims on the grounds that (1) Defendant Sihombing has been charged with two counts of harboring illegal aliens Desy Indriyani Sidabutar and Dewi Lena Simangunsong; and (2) Defendant has moved under separate motion to take the deposition of both alleged victims, and believes that independent counsel must be appointed in order to protect Sidabutar's and Simangunsong's rights and interests.

The Court has denied Defendant's Motion to Take the Deposition of Material Witnesses in the Case.  In the absence of such a deposition, the Court finds there is no need to appoint counsel for the witnesses.  Because the issue is not ripe, the Court denies Defendant's motion.

**WHEREFORE,**

**IT IS ORDERED THAT** Defendant's Motion to Take the Deposition of Material

Witnesses in the Case (Doc. 50), and Defendant's Motion to Have the Court Appoint Counsel to

Alleged Victims (Doc. 49), are **DENIED.**

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**